UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOROTHY SILVA,

       Plaintiff,

-vs-                                         COMPLAINT

TOWN OF MOUNT KISCO,              JURY TRIAL DEMANDED

       Defendant.
----------------------------------------------------------X

**08 CIV. 0184**

**JUDGE ROBINSON**

### I  PARTIES

1. Plaintiff Dorothy Silva is a woman residing in Town of Somers, New York, within this Judicial district.

2. Defendant Town of Mount Kisco is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued. As a public entity which receives Federal funding, the Town may be sued under the Rehabilitation Act.

### II  JURISDICTION & VENUE

3. As plaintiff brings this action under the Americans With Disabilities Act and the Rehabilitation Act of 1973, this Honorable Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3) & (4).

4. As the State law claim arises under the same nucleus of operative facts as the Federal claims, this Court has subject matter jurisdiction under 28 U.S.C. § 1367. Since plaintiff brings this action to vindicate a public interest, she was not required to file a Notice of Claim against defendant.

5. As the events giving rise to this action arose in County of Westchester, this case is properly venued in Southern District of New York.

III **FACTUAL AVERMENTS**

6. Plaintiff is deaf and therefore needs a sign language interpreter to communicate with others. She is a qualified individual with a disability under the Americans with Disabilities Act and the Rehabilitation Act as her affliction substantially affects major life activities.

7. Plaintiff is the victim of domestic violence. As this repeat abuser is the father of plaintiff's daughter and lives in Town of Mount Kisco, plaintiff anticipates returning to the Town Court in that municipality because the abuser continues to harass her and the Mount Kisco Police Department has expressed indifference to her concerns.

8. Plaintiff has an interest in ensuring that the Town complies with the civil rights laws in assigning an interpreter so that she can follow and understand the court proceedings in connection with the prosecution of her abuser.

9. The Town Justice Court is a public building which must be readily accessible to persons with disabilities under the Americans with Disability Act and the Rehabilitation Act.

10. On February 15, 2007, plaintiff went to Town of Mount Kisco Justice Court to observe proceedings against her abuser, who was being prosecuted for domestic violence against her.

11. When plaintiff inquired about the availability of a sign language interpreter to assist her in understanding the proceedings against abuser, she was advised that the Court would not provide for one because it does not have the money for this

service and the proceeding was limited in duration.

12. As a result of defendant's failure to provide plaintiff with a sign-language interpreter, she was unable to sufficiently understand, participate in and otherwise follow the criminal proceedings against her abuser.

13. Plaintiff was excluded from participation in and otherwise denied the benefits of the services, programs, and activities of the Town of Mount Kisco, which denied her an accommodation and discriminated against her on account of her disability.

14. Plaintiff's inability to properly follow the proceedings against her abuse caused her to suffer humiliation and pain and suffering.

15. As a matter of policy, defendant does not provide for sign-language interpreters for deaf persons who wish to observe the public proceedings in Town Court. In February 2007, Independent Living, Inc., a not-for-profit agency that advocates for persons with disabilities, served a Freedom of Information request on the Town requesting its written policies and procedures when parties and other interested individuals are deaf or hard of hearing. In March 2007, the Town Justices responded in writing that the court does not maintain any such written policies or procedures but that "[o]ur practice is to provide assistance, on an as-needed basis, when parties to criminal proceedings need assistance to effectively communicate and participate in them."

16. Since plaintiff is not a party to any such proceeding, she is excluded from defendant's policy.

17. Defendants would not be unduly burdened by making the Courthouse accessible

to persons who are hearing-impaired. Such an accommodation is readily achievable without significant expense, and the benefits to disabled persons like plaintiff substantially outweigh any administrative or financial burdens and costs sustained by defendant.

## V   CAUSES OF ACTION

18. Plaintiff incorporates the allegations in ¶¶ 1-17 as if re-stated herein.

19. In maintaining a Courthouse which is not readily accessible to disabled persons in need of a sign language interpreter, defendant is in violation of Titles II and III of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law.

## VI   PRAYER FOR RELIEF

Plaintiff respectfully asks this Honorable Court to:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. enter an order finding that defendant has violated the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law;

d. order defendant to immediately comply with the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law;

e. award to plaintiff compensatory damages for the pain and suffering flowing from the discrimination outlined above;

f. award to plaintiff nominal damages for the violation of her civil rights, as outlined above.

g.  award to plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

h.  enter such other relief deemed appropriate.

Dated:    January 7, 2008

Respectfully submitted,

S/ [signature]
HELEN G. ULLRICH
STEPHEN BERGSTEIN

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff